**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRYAN BELGROVE, | No. 13-36184 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-00178-JWS |
| v. | |
| NORTH SLOPE BOROUGH POWER, LIGHT, AND PUBLIC WORKS, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Submitted January 20, 2016[**]

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Bryan Belgrove appeals pro se from the district court's summary judgment

in his employment discrimination action alleging federal and state law claims for

wrongful termination, hostile work environment, and breach of the implied

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

covenant of good faith and fair dealing. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Belgrove's wrongful termination claims under Title VII and the Alaska Human Rights Act because Belgrove failed to raise a genuine dispute of material fact as to whether he was performing according to defendant's legitimate expectations, whether similarly situated individuals were treated more favorably, or whether defendant's legitimate, nondiscriminatory reasons for his termination were pretextual. *See id.* at 640 & n.5 (setting forth elements of a prima facie case of discrimination under Title VII and the burden shifting framework); *see also Grunberg v. Alaska State Comm'n for Human Rights*, 276 P.3d 443, 449 (Alaska 2012) (the burden shifting framework for federal employment discrimination claims applies to claims under the Alaska Human Rights Act).

The district court properly granted summary judgment on Belgrove's hostile work environment claim under Title VII because Belgrove failed to raise a genuine dispute of material fact as to whether he was subjected to sufficiently severe or pervasive conduct. *See Vasquez*, 349 F.3d at 642 (setting forth elements of a prima facie case of hostile work environment under Title VII and explaining that courts

look at "all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance" in determining whether conduct violates Title VII).

The district court properly granted summary judgment on Belgrove's state law claim for breach of the implied covenant of good faith and fair dealing because Belgrove failed to raise a genuine dispute of material fact as to whether defendant acted with an improper motive when they terminated him or whether his termination was objectively unfair. *See Smith v. Anchorage Sch. Dist.*, 240 P.3d 834, 844 (Alaska 2010) (setting forth elements of a claim for the breach of the implied covenant of good faith and fair dealing under Alaska law).

We do not consider issues or arguments not specifically and distinctly raised and argued in the opening brief, or issues or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Belgrove's motion regarding newly discovered evidence of tampering and interference, filed on October 30, 2014, is denied.

**AFFIRMED.**